NAGLE, Commissioner of Immigration, v. WONG DOCK.*

No. 6062.

Circuit Court of Appeals, Ninth Circuit.

June 9, 1930.

*Rehearing denied August 26, 1930.

Geo. J. Hatfield, U. S. Atty., and I. M. Peckham and George N. Crocker, Asst. U. S. Attys., all of San Francisco, Cal., for appellant.

Stephen M. White, of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from an order of the court below granting a petition for a writ of habeas corpus, and ordering that appellee Wong Dock be discharged from the custody of the Commissioner of Immigration.

The appellee claims the right to be admitted to the United States as the son of Wong Fong Duck, called also Wong Ah Sing and Wong Fon Duck, and who will be hereinafter referred to as the father, who was born in San Francisco in 1879. Wong Fong Duck was taken to China by his mother in 1880 and returned to San Francisco April 8, 1897, seeking admission by reason of his United States citizenship. At that time he testified he was not married. He was admitted May 3, 1897. On May 19, 1904, he left San Francisco for China, returning December 17, 1905. In May, 1909, Wong Woon, claiming to be a son of Wong Fong Duck, arrived from China and in connection with his application for admission Wong Fong Duck testified that Wong Woon was his son as a result of his marriage March 23, 1895, to Hom Shee; that three children were born as a result of this marriage, namely, Wong Woon, fourteen years of age, the applicant; Wong Ark, or Wong Dock, thirteen years of age, the present applicant, and Wong Jing or Wong Cheng, then aged five years. At that time Wong Fong Duck testified under oath that his testimony given in 1897 that he was not then married was false and given by reason of his having been informed that a marriage by a boy under twenty-one years of age was not legal in the United States. At the time he gave that false testimony he had one son, Wong Woon. Wong Ark was born after the father left China, the third son having been born during the father's next visit to China in 1904. The alleged father produced corroborating evidence as to his marriage and the immigration authorities admitted Wong Woon as a son born of said marriage. In June, 1914, Wong Fong Duck departed for China and at that time stated that he had married once only, to Hom Shee, who died May 26, 1909; that he had three sons, no daughters, and gave the names and ages as hereinbefore stated. In 1924, Wong Cheng, who was alleged to be the youngest son resulting from such marriage, applied for admission at San Francisco. In connection with his application which was granted, Wong Woon, previously admitted brother, and Wong Cheng, both testified that their mother, Hom Shee, was then living at their home in China. February 6, 1929, the present applicant, Wong Duck, arrived from China at San Francisco and applied for admission. He stated upon his application that his mother, Hom Shee, was still living in China and Wong Woon and Wong Cheng, previously admitted brothers, both testified at that time that their mother, Hom Shee, was still living in China.

After the three sons of Hom Shee had all testified in 1929 that their mother was still living, their attention was called to the fact that the father, in 1914, had stated that his wife, Hom Shee, was dead and fixed the date of her death at five years previous to the time of his departure from San Francisco in 1914, namely, May 26, 1909. They were unable to account for the statement of their father that his wife had died in 1909.

The Board of Special Inquiry passed upon the evidence for the Department of Labor and recommended that the applicant be denied entry and the Secretary of Labor approved this report. The father had stated in connection with his entry or departure from the United States on two previous occasions that the second son, Wong Dock, was born November 14, 1897, but the applicant and his corroborating witnesses, his two brothers, fix his date of birth as January 1, 1898. The applicant was born a little over nine months after his alleged father left home in China. When Wong Fong Duck returned to China in 1904, the boys were seven and six years old, respectively. He left a year and seven months later and did not return to China until 1914, where he died April 16, 1915.

It must be conceded that it would be unreasonable and unfair for the immigration authorities, after fully investigating the discrepancy between the statement of the alleged father in 1897, when he stated that he was unmarried and his later statement made in 1909 in an effort to secure the entry of his son Wong Woon, and having determined that Wong Woon was the legitimate son of the marriage of the father and Hom Shee, and

after having reached a similar conclusion in 1924 on the admission of Wong Cheng, and alleged brother, to turn about and on the same evidence and without any additional circumstances to hold that no such marriage occurred, and for that reason deny admission to the alleged second son, but we have here. the additional fact that the father stated that his wife died in 1909, whereas, the applicant and his witnesses all testified that their mother is still living. No explanation is offered by the sons or by counsel for the statement by the father in 1914 that his wife had died five years previously. It appears from the record that Hom Shee, the mother of the applicant, was able to write and that she has communicated with her sons by letter. The statement of the father would seem to indicate that he had not heard from his wife for five years and that he had received information which led him to believe that she was dead. It is possible that the immigration authorities may have misunderstood the statement made by the father when he left for China in 1914, but the fact that the record not only shows the direct statement that she was dead, but fixes the date of death, makes it difficult to conclude that this was a mere mistake or inadvertence in the recording of the statement of the father. If the statement of the father made in 1914 is accepted as true it follows that the three sons of Hom Shee, who is still living, are not the sons of the wife of the father who is dead. When the immigration authorities admitted Wong Cheng, the youngest son, in 1924, the record of the statements made by the father at the time he left for China in 1914 was in the possession of the Department. The chairman of the Board of Special Inquiry, however, in summing up the evidence concerning the present applicant, stated as follows:

"When the hearings of Wong Woon and Wong Cheng were being conducted at Los Angeles, the file of the alleged father was not in the possession of the inspector at that time, said file having been drawn for first use in this case by me shortly after the hearing of the applicant commenced."

It thus appears that in admitting the alleged brothers of the applicant, the Department overlooked the statement made by the father concerning the death of his wife.

While the action of the Board of Special Inquiry is inconsistent with that taken in the case of the two alleged brothers, that inconsistency alone cannot justify our overturning their later decision if the applicant was accorded a fair hearing. If we assume that as a result of the discrepancies between the statement of the father and the three alleged sons with reference to the death of Hom Shee that the testimony of the alleged father should be rejected, this would carry with it the cumulative effect of his declaration made to the immigration authorities on previous occasions that he had three sons as the result of his marriage with Hom Shee whose names and ages correspond with the names and ages of the three alleged brothers. We then have left for the consideration of the immigration authorities merely the declaration of the three sons that they are, or believe themselves to be, the children of the marriage between their mother Hom Shee and their alleged father, Wong Fong Duck. This testimony is necessarily based upon reputation and pedigree and the claim that the alleged father lived in their home with their mother for about a year in 1914 and fifteen, and their memory as young boys of their alleged father being in their home for about a year in 1905 and 1906. Their testimony at most tends to establish the fact that a man named Wong Fong Duck lived with their mother in their home for two periods of about a year each, and they believed him to be and he is reputed to be their father and the husband of their mother. But they cannot testify and do not know that their father is the American citizen who left San Francisco in 1880, and who returned to San Francisco as hereinbefore indicated. The connection between their father and this American citizen is made on the records of the immigration bureau by the testimony of the father, and if that testimony is rejected it would leave the applicant with the testimony of his alleged brothers alone to support his application. The applicant and his witnesses were given every opportunity to explain the statement of their alleged father as to the death of their mother, and were unable to offer any suggestion. We cannot say under the circumstances that the hearing was unfair.

Order reversed.