NAGLE, Commissioner of Immigration, v. QUON MING HIM.

Circuit Court of Appeals, Ninth Circuit.

June 20, 1930.

Geo. J. Hatfield, U. S. Atty., and William A. O'Brien, Asst. U. S. Atty., both of San Francisco, Cal., for appellant.

Stephen M. White, of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge.

This is an appeal from an order granting a writ of habeas corpus and discharging the petitioner from the custody of the immigration authorities. The appellee was denied admission to the United States by the immigration department because of certain discrepancies in the testimony offered in support of his application for admission, the more important of which are found in the testimony given by the alleged father of the appellee at different times during the past twenty-five years. The right of admission was based on a claim of citizenship, and the citizenship of the alleged father was conceded.

The appellee was born in September, 1903, and in the July previous, on his return from a trip to China, the alleged father testified that he was not then married. In 1908 he testified that he was married in 1888, and that the name of his wife was Hong Shee. In 1910 he testified that her name was Jin Shee; in 1913, that her name was Hong Shee, and that she belonged to the Hong family; in 1917, that her name was Hung Jin Shee, and that she belonged to the Jin family; and, finally, in 1929, that her name was Hong Shee. In 1910 he testified that his wife had bound feet, and at other times that she had natural feet. This testimony had a direct bearing on the question of relationship and the discrepancies, unless satisfactorily explained, would of necessity give rise to a grave doubt as to the existence of the relationship claimed. In 1913 the attention of the alleged father was directed to his testimony given in July, 1903, to the effect that he was not then married, and to his testimony in 1910, that his wife had bound feet, but the only explanation offered was that he did not so testify and that the interpreter was mistaken. His explanation as to the numerous names given his wife was that she was known by all these names, but his statement at one time that she belonged to the Hong family and at another time that she belonged to the Jin family was passed without explanation. The effect of discrepancies such as these must be determined from an examination of the entire record. Such an examination in this case shows that in all probability the appellee and his alleged prior landed brothers were related, or at least were acquainted, and the testimony of the alleged father and his two alleged sons shows that they were more or less familiar with the home village and its inhabitants, but such testimony does not necessarily tend to show relationship, or to overcome the effect of the discrepancies to which we have referred.

In Nagle v. Wong Dock, 41 F.(2d) 476, decided by this court June 9, 1930, the discrepancies were less numerous, and perhaps less important, but an order of discharge was reversed. A similar result must follow here.

The order is reversed, with directions to remand the appellee to the custody whence he was taken.