**FONG KONG v. NAGLE, Commissioner of Immigration.**

No. 6641.

Circuit Court of Appeals, Ninth Circuit.
March 21, 1932.

Rehearing Denied April 28, 1932.

Russell P. Tyler, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and H. A. Van Der Zee, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges.

SAWTELLE, Circuit Judge.

This appeal arises from an order of the United States District Court for the Northern District of California, Southern Division, denying appellant's petition for a writ of habeas corpus.

Fong Kong, the appellant, claims admission to the United States as the son of Fong Jug, who is admittedly a native-born citizen of the United States. Fong Jug has two sons, Fong Suey and Fong Ming, who were admitted to the United States on October 3, 1912, and August 7, 1913, respectively.

The Board of Review, in upholding the exclusion order of the Board of Special Inquiry, relied solely upon one discrepancy: "The record shows that the alleged father was in China at a time to make possible his paternity to a child of the applicant's asserted age, but the outstanding feature of this case is that whereas the applicant claims and is claimed by his alleged father to have been born in September, 1911, the alleged father returning to the United States in December, 1911, described his family as consisting of his wife and two sons only, naming and describing the two older alleged brothers of the applicant and failing to mention such a son as he."

Therefore, the only question for us on appeal is whether the failure of Fong Jug to mention the appellant as his son in December, 1911, justifies the order of the Department of Labor excluding appellant from admission into this country.

It may be noted that both of the previously entered alleged brothers testified, at the time of their respective entries, that they had a third brother bearing the name of the appellant who was born in September, 1911. On each of these occasions the alleged father

also claimed a third son of the same name as the appellant, but in 1912 he said that his third son was born November 28, 1911, a few days after he sailed from Hong Kong; in 1913 he made no change in his testimony; but in the instant hearing he claimed that his third son was born September 27, 1911, and was about two months old when he (the alleged father) left for the United States in 1911. All of these statements were under oath, but when the alleged father was confronted with the discrepancy he was unable to give an explanation satisfactory to the Board of Special Inquiry.

This case must be distinguished from that of Nagle v. Wong Dock (C. C. A. 9) 41 F. (2d) 476, relied on by appellant. There the question was whether or not it was unfair to find, without any new evidence whatever, that the alleged father was unmarried, when it had been twice determined upon the same state of the record that he was married; the court held that it would be unfair. Here the question is entirely different: The immigration authorities have never decided that the alleged father had a third son. That question arises here for the first time, and consequently their decision is not inconsistent nor unfair, particularly when it is based upon glaring discrepancies in the testimony of the alleged father himself.

The prior admission of Fong Suey and Fong Ming does not of itself establish the claimed relationship between the appellant and Fong Jug. In the case of Moy Said Ching v. Tillinghast (C. C. A. 1) 21 F.(2d) 810, 811, the court said: "The common-law rule that such statements can only be used to contradict the different version of the witness given on the stand and not as affirmative of the facts stated (citing cases) is not applicable to hearings before immigration authorities; for, as above stated, they are entitled to 'receive and determine the questions before them upon any evidence that seems to them worthy of credit.' It follows therefore that, if the immigration authorities regarded the previous statements made by the alleged father at the different ports of entry to, and departure from, this country, as worthy of credit, they were entitled to treat them as affirmative proof of the facts in question; and, so treating them, it cannot be said that there was no substantial proof upon which to base the order of exclusion and that it disclosed a manifest abuse of discretion."

The positive statement of the alleged father, Fong Jug, in December, 1911, that he had only two sons, was evidence conflicting with his later statements and with the statements of the previously entered alleged brothers. The immigration authorities based their decision upon such a strong conflict, and consequently their finding of fact is not open to review by this court. In view of the broad powers given to the immigration authorities, there is nothing sufficient in law to justify this court in holding that their finding was capricious or arbitrary.

The judgment of the lower court is affirmed.